UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON CATALDO,

                Plaintiff,

-against-

JUDGE JOHN J. MEAD, et al.,

                Defendants.

25-CV-3978 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who currently is homeless, brings this *pro se* action under 42 U.S.C. § 1983, concerning his criminal proceedings in Erie and Warren Counties, Pennsylvania. Named as Defendants are individuals and entities employed and located in those two Pennsylvania counties, including Judge John J. Mead, Erie City Police Officers, Warren County Police Officer Ledarksky, Erie County District Attorney, Erie County Probation Officers, the wardens of both Erie and Warren County Jails, and Stairways, Inc, a private mental health treatment program located in Pennsylvania.[1] For the following reasons, this action is transferred to the United States District Court for the Western District of Pennsylvania.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] In the Western District of Pennsylvania, Plaintiff has filed actions against Stairways, Inc. and several other defendants named in this action. *See Cataldo v. Stairways, Inc.*, No. 25-CV-0079 (RAL) (W.D. Penn.) (one of four related cases).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue is not proper in this district under Section 1391(b)(1) because all the defendants are not residents of the State of New York. Venue also is not proper in this district under Section 1391(b)(2) because the alleged events giving rise to Plaintiff's claims occurred in Erie and Warren Counties, which both fall within the Western District of Pennsylvania. *See* 28 U.S.C. § 118.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Erie and Warren Counties, which fall within the Western District of Pennsylvania. *See* 28 U.S.C. § 118. Accordingly, venue lies in the Western District of Pennsylvania, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Pennsylvania, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes this case in this court.

---

[2] Plaintiff did not submit payment for this action or request that the fees be waived.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 22, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge